UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PATRICIA LOVETT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-00648-RLY-MJD |
| | ) | |
| AFFILIATED COMPUTER SYSTEMS, A | ) | |
| XEROX COMPANY, | ) | |
|     Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO REMAND**

Plaintiff Patricia Lovett ("Plaintiff"), in response to Affiliated Computer Services's Notice of Removal (Docket # 1 ("Notice of Removal")), filed a Motion to Remand Case to State Court pursuant to 28 U.S.C. § 1446 and For Attorney Fees and Costs Pursuant to 28 U.S.C. § 1447. (Docket # 12 ("Motion to Remand")). For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Remand.

**I.      Background**

Defendant Xerox Business Services, LLC ("Defendant") (f/k/a Affiliated Computer Services, LLC, which Plaintiff has incorrectly named "Affiliated Computer Systems, A Xerox Company") employed Plaintiff from approximately September 1, 2010, through February 8, 2011. (*Id.* ¶ 4). During her employment, Plaintiff alleges that she "was instructed to create fraudulent numbers for internal reporting requirements." (*Id.* ¶ 6). She allegedly refused to "commit a fraud or criminal act," as she believed that

1

clients could have been exposed to the numbers, and instead made efforts to address the situation with her supervisors. (*Id.* ¶¶ 7-8). Plaintiff filed a complaint with human resources premised upon racial discrimination and Defendant's wrongful request that Plaintiff commit fraudulent conduct. (*Id.* ¶ 11). Within twenty-four hours of filing a complaint with human resources, Defendant terminated Plaintiff's employment. (*Id.* ¶ 10).

On April 19, 2012, Plaintiff filed the present lawsuit in Madison Circuit Court alleging wrongful termination.[1] Defendant timely removed the action to this court asserting both federal question jurisdiction and diversity of citizenship. The Notice of Removal based federal question jurisdiction on what Defendant believed to be a claim for racial discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII").

**II. Discussion**

    **A. Removal**

A party to a lawsuit filed in state court may remove the case to federal district court so long as original jurisdiction exists. 28 U.S.C. § 1441(a). Because Plaintiff has disavowed a claim for racial discrimination, jurisdiction in the present case depends on whether (1) the amount in controversy exceeds $75,000 and (2) the parties are citizens of

---

[1] Plaintiff alleges "wrongful termination" in the Complaint. (Complaint ¶ 1). However, Indiana law has carved out of wrongful termination the tort of retaliatory discharge. *Remington Freight Lines, Inc. v. Larkey*, 644 N.E.2d 931, 940 (Ind. Ct. App. 1994). Retaliatory discharge applies to at-will employees terminated for refusing to perform an unlawful act or for exercising a statutorily conferred right. *Id.* Because Plaintiff, an at-will employee, alleges that she was terminated for her refusal to violate state law, her cause of action is retaliatory discharge.

different states. 28 U.S.C. § 1332(a). The parties do not dispute complete diversity of citizenship. Therefore, the court must only determine whether Defendant has satisfied the amount in controversy requirement.

### 1. Amount in Controversy

The party choosing federal court bears the burden of establishing jurisdiction. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005). Because Defendant is the proponent of federal jurisdiction, it must present facts that establish, by a preponderance of the evidence, the requisite amount in controversy. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). When a plaintiff provides no information about the value of a claim, as in this case, a defendant may make a "good faith estimate of the stakes . . . if it is plausible and supported by a preponderance of the evidence." *Id.* "Once a defendant . . . has established the requisite amount in controversy, a plaintiff can defeat jurisdiction only if it 'appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Defendant used Plaintiff's bi-weekly pay rate to calculate potential back pay and future pay (Notice of Removal ¶¶ 11(a)). Plaintiff contests neither the bi-weekly pay rate nor Defendant's arithmetic. Rather, Plaintiff asserts that because Defendant calculated potential damages based on the assumption that Plaintiff asserted a Title VII racial discrimination claim, the court must exclude all evidence offered to establish the amount in controversy. (Docket # 13 at 4 ("Brief in Support of Motion")).

As with Title VII claims, relief for retaliatory discharge may include compensatory and punitive damages. *Larkey*, 644 N.E.2d at 941. Compensatory damages may include back pay and future pay. *Id.* In the present case, Defendant calculated fifteen months of back pay and two years of front pay to arrive at a total potential liability of $162,499. (Notice of Removal ¶ 11(b)).[2] Generally, any mitigation of damages would decrease the amount in controversy. *Buhring v. Tavoletti*, 905 N.E.2d 1059, 1064 (Ind. Ct. App. 2009). Plaintiff, however, provides no information regarding her efforts to mitigate damages. Therefore, the court finds that Defendant has met its burden to establish that the amount in controversy exceeds $75,000.

In addition, contrary to Plaintiff's assertion that she "would only be able to receive damages for lost wages or other damages" directly related to her pecuniary loss, (Docket # 19, 4 ("Reply Brief")), retaliatory discharge may also support an award of punitive damages. *McGarrity v. Berlin*, 774 N.E.2d 71, 77 (Ind. Ct. App. 2002) (citing *Haas Carriage, Inc. v. Berna*, 651 N.E.2d 284, 290 (Ind. Ct. App. 1995)). Plaintiff draws support from *Larkey*, but in that case the relevant issue before the Court of Appeals was whether the jury awarded the plaintiff excessive future wages for retaliatory discharge.

---

[2] Defendant incorrectly suggests that back pay is calculated from the date of discharge to an alleged trial date. (Notice of Removal ¶ 11(a)). To the contrary, the amount in controversy must be established on the date of removal. *Oshana*, 472 F.3d at 510-11. Nonetheless, Defendant's calculation correctly reflects the fifteen months from the date of discharge to the date of removal. Defendant multiplied Plaintiff's bi-weekly pay rate by 26 pay periods to estimate annual income. Defendant then multiplied Plaintiff's approximate annual income by 1.25 to calculate potential back pay for fifteen months. Annual income multiplied by two years, which some courts have found to be reasonable future pay, amounts to approximately $100,000. (*see* Notice of Removal ¶ 11(b) (citing Indiana cases)).

Thus, the court simply had no occasion to assess the merits of punitive damages. *Larkey*, 644 N.E.2d at 941 ("Such compensatory damages [for retaliatory discharge], *while limited in this case . . . to future wages*, may include pecuniary losses and future losses . . . . *[P]unitive damages may also be recoverable.*" (emphasis added)). Therefore, absent an affidavit or stipulation to not seek punitive damages, a jury could also award Plaintiff punitive damages for a retaliatory discharge claim.

### III.  Conclusion

For the reasons set forth above, federal jurisdiction is proper in the present case because the parties are diverse and the amount in controversy exceeds $75,000. Accordingly, the court **DENIES** Plaintiff's Motion to Remand.

### A.  Attorney Fees and Costs

In the event the court grants Plaintiff's Motion to Remand, Plaintiff also requests "appropriate costs, expenses and attorney fees." (Motion to Remand ¶ 8). Because the court denies Plaintiff's motion, the court also denies her request for costs, expenses, and attorney fees.

**SO ORDERED** this  20th  day of August 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

5

Electronic Copies To:

Mark L. Phillips
NEWBY LEWIS KAMINSKI & JONES LLP
mlphillips@nlkj.com

David Seth Sneden
BEASLEY & GILKISON, LLP
sneden@beasleylaw.com

F. Daniel Wood Jr.
THE KULLMAN FIRM
fdw@kullmanlaw.com