UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PATRICIA LOVETT, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-00648-RLY-MJD |
| | ) | |
| AFFILIATED COMPUTER SYSTEMS, A | ) | |
| XEROX COMPANY, | ) | |
|     Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

On June 11, 2012, Defendant Xerox Business Services, LLC ("Defendant") (f/k/a Affiliated Computer Services, LLC, and incorrectly named in Docket # 1-1 ("Complaint") as "Affiliated Computer Systems, A Xerox Company"), filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket # 9). For the reasons set forth below, the court **GRANTS** Defendant's Motion to Dismiss.

**I.     Background**

Defendant employed Plaintiff from approximately September 1, 2010, through February 8, 2011.  (Complaint ¶ 4).  During her employment, Plaintiff alleges that she "was instructed to create fraudulent numbers for internal reporting requirements." (*Id.* ¶ 6).  She allegedly refused to "commit a fraud or criminal act," as she believed that clients could have been exposed to the numbers, and instead made efforts to address the situation

1

with her supervisors. (*Id.* ¶¶ 7-8). Plaintiff filed a complaint with human resources premised upon racial discrimination and Defendant's wrongful request that Plaintiff commit fraudulent conduct. (*Id.* ¶ 11). Within twenty-four hours of filing a complaint with human resources, Defendant terminated Plaintiff's employment. (*Id.* ¶ 10).

On April 19, 2012, Plaintiff filed the present lawsuit in Madison Circuit Court alleging wrongful termination. Defendant timely removed the case to this court. The court denied Plaintiff's Motion for Remand and now turns to Defendant's Motion to Dismiss.

## II.   Motion to Dismiss Standard

Rule 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To properly state a claim, a complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" *McCauley v. City of Chi.*, 671 F.3d 611, 615 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. Although a complaint need not contain the legal predicate for a claim, when presented with a motion to dismiss, "the non-moving party must proffer some legal basis to support his cause of action." *Bricker v. Federal-Mogul Corp.*, 29 F. Supp. 2d

508, 512 (S.D. Ind. 1998) (quoting *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995)). In making its determination, the court accepts the factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Mallet v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997). In accordance with this standard, the court accepts the facts set forth above as Plaintiff alleges them.

## III. Discussion

### A. Retaliatory Discharge

Indiana law recognizes retaliatory discharge as a narrow public policy exception to an otherwise robust employment at-will doctrine. *Bricker*, 29 F. Supp. 2d at 510. The retaliatory discharge of an at-will employee may give rise to a cause of action in tort "if a clear statutory expression of a right or duty is contravened." *Id.* (quoting *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 718 (Ind. 1997)). To establish a right to relief, an employee allegedly terminated for refusing to breach a duty must demonstrate the statutory source of that duty. *Id.* at 511 (citing *Campbell v. Eli Lilly and Co.*, 413 N.E.2d 1054, 1061 (Ind. Ct. App. 1980)). It is not enough to assert that an employee could have been liable in tort or a breach of contract had he or she complied. *See id.* (rejecting the plaintiff's assertion that a tort or breach of contract might constitute the "illegal act" required to trigger the public policy exception); *cf. Rodriguez v. Westside*, No. 1:08-cv-0962, 2008 U.S. Dist. LEXIS 102167 (S.D. Ind. Dec. 15, 2008) (denying a

motion to dismiss because the plaintiff, allegedly discharged for refusing to interfere with a health department investigation, satisfied the public policy exception by citing statutes under which she could have been criminally liable).

In the present case, Plaintiff alleges that Defendant terminated her for refusing to "commit a fraud or criminal act by creating fraudulent numbers" for internal reporting requirements. (Complaint ¶¶ 6-7). In response to Defendant's Motion to Dismiss, Plaintiff cites two Indiana statutes: IC § 35-43-5-2 and IC § 35-43-5-4. Section 35-43-5-4 sets forth provisions concerning fraud against creditors. On its face, this statute does not apply to the facts as Plaintiff alleges them.

Section 35-43-5-2 addresses counterfeiting. Under this statute, a person commits counterfeiting when he or she "knowingly or intentionally . . . makes or utters a written instrument in such a manner that it purports to have been made . . . with different provisions." A "written instrument" is defined as "a paper, a document, or other instrument containing written matter" such as, *inter alia*, "objects or symbols of value, right, privilege, or identification." IC § 35-43-5-1(t). In *Trainor v. Indiana*, the court held that order forms used to ship goods and create debt obligations in another person's name constituted "written instruments" in the commission of counterfeiting. 950 N.E.2d 352, 355 (Ind. Ct. App. 2011). Although the court limited its holding to the facts of that case, in reaching its conclusion it emphasized the value the order forms created as a means of receiving valuable goods even though the actual documents were valueless. *Id.*

In *Bricker*, this court rejected the assertion that allegedly false maintenance reports constituted documents akin to the "objects . . . of value, right, privilege, or identification" as described in the statute. 29 F. Supp. 2d at 512.

In the present case, Plaintiff urges the court to infer that the "internal numbering systems" have value, that they are used to "garner business," and that Plaintiff could have been held personally liable under IC 35-43-5-2 if she had complied with her superiors. The court cannot make such leaps. Internal numbering systems may serve an important purpose, but in light of the facts alleged in the complaint they do not constitute written instruments as defined in IC 35-43-5-1(t). Even if the "fraudulent numbers" were disclosed to Defendant's clients for the purpose of misleading or defrauding them, this does not indicate that they possessed or conferred value. *See Bricker*, 29 F. Supp. 2d at 513 (acknowledging the deceptive and unethical nature of the defendant company's conduct, but nonetheless rejecting the application of the public policy exception for lack of a statutory expression of Indiana's public policy). Therefore, Plaintiff may not rely on IC 35-43-5-2 to trigger the public policy exception because it does not apply to the facts of this case.

**IV.   Conclusion**

Plaintiff does not allege facts sufficient to give Defendant notice that the public policy exception applies in this case. *See Bricker*, 29 F. Supp. 2d at 512 (noting that by not citing any statutory duties, the plaintiff did not place defendant on sufficient notice of

his alleged retaliatory discharge).  For the reasons set forth above, the court **GRANTS** the Defendant's motion **without prejudice**.

**SO ORDERED** this  20th  day of August 2012.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Mark L. Phillips
NEWBY LEWIS KAMINSKI & JONES LLP
mlphillips@nlkj.com

David Seth Sneden
BEASLEY & GILKISON, LLP
sneden@beasleylaw.com

F. Daniel Wood Jr.
THE KULLMAN FIRM
fdw@kullmanlaw.com